By the Court.
We sée no error in the judgment of the District Court.
Section 48 of the act of May 3,1852, relating to wills (S. & C. 1615), provides that “ In all cases where application shall be hereafter made to the Probate Court, to admit to probate a will' duly executed, .... and which has been lost, spoliated, or destroyed, .... it shall be .the duty of the party seeking to prove the same to give written notice to all persons whose interest it may be to •resist the probate, and who reside in the county where the testator resided at the time of his death, or to their agent or attorney, five days before the day on which such proof -is to be made, or to give notice, by publication in a newspaper printed in the county, thirty days before the day set for the hearing of such proof.”
Whatsoever may have been the reasons that induced the ■general assembly to apply a different mode of proceeding in applications to admit lost, spoliated, or destroyed wills to probate, from that applied to wills actually produced in court and verbal wills, it is quite clear that, under section 48, it would be error in the Probate Court, upon application, to find and establish the contents of a spoliated will, -or admit the same to probate, until notice, in one or the other of the modes required, of the day set for hearing the -proof has been given; and we are of opinion that the section, reasonably construed, requires that where there is no •person residing in the county in which the application is ■made, who is interested in resisting the probate of the will, to whom written notice of the day set for hearing the proof can be given, notice must be given by publication.
• Motion overruled.